**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LST FINANCIAL, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-435-XR |
| | § | |
| FOUR OAKS FINCORP, INC., AND FOUR | § | |
| OAKS BANK AND TRUST COMPANY, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered Defendants' Rule 12(b)(7) motion to dismiss for failure to join a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure. Doc. No. 8.  After careful consideration, the motion is GRANTED.

**BACKGROUND**

Plaintiff LST Financial, Inc. ("LST") is a third-party payment processor.  Its customers are primarily businesses that rely heavily on electronic payment transactions such as online "payday" lenders.  LST contracts with these entities to provide processing services in exchange for transaction-based fees.  Defendant Four Oaks Bank is a community bank based in Four Oaks, North Carolina.  Defendant Four Oaks Fincorp, Inc. is the bank's holding company.

Defendants assert that the parties previously had a contractual relationship in which Defendants processed electronic payment transactions for LST's customers. Doc. No. 8.   That relationship ended when, as part of its recent crackdown on online payday lenders, the United States Department of Justice ("DOJ") sued Defendants for facilitating fraudulent practices.  As

part of a settlement with the DOJ, Defendants stipulated to terminating their relationship with LST. *See* Declaration of Lisa Herring, Doc. No. 8, Ex. 1. As a result, money belonging to LST's customers was frozen at Defendants' bank. *Id.*

On February 14, 2014, the parties entered into a second contract that is the subject of this lawsuit. Am. Pet. ¶ 7, Doc. No. 1, Ex. 1. This agreement was limited in scope to issues arising out of the termination of the parties previous relationship, as was mandated by Defendants' settlement with the DOJ. Doc. No. 8. LST alleges that it fulfilled its contractual obligations, but that Defendants breached the agreement by failing turn over funds "per [LST's] contract with [its] customers." Am. Pet. at ¶ 14. LST claims that it is entitled to these funds based upon an indemnification provision in its contracts with 54 customers. *See* Declaration of Lisa Herring, Doc. No. 8, Ex. 1. After receiving LST's request for the funds, Defendants contacted several of these customers who were apparently unaware of LST's indemnification claim and did not consent to having their funds transferred from Defendants' bank. *Id.* Inasmuch as LST had not demonstrated that it was entitled to the funds held in Defendants' bank, Defendants refused to release the frozen funds. *Id.* This litigation ensued.

On April 4, 2014, LST filed this suit in the 45th Judicial District Court of Bexar County, Texas and subsequently amended its Petition. Therein, Plaintiff asserts causes of action for breach of contract and conversion of funds.[1] Am. Pet. at ¶ 22. On May 9, 2014, Defendants removed the case to this Court. Doc. No. 1. On June 16, 2014, Defendants filed this motion to dismiss for failure to join a required party under Rule 12(b)(7). Doc. No. 8. Defendants argue that this suit cannot proceed without LST's customers. *Id.* Plaintiff has not filed a response.

---

[1] Although Plaintiff asserts a breach of contract claim, it has declined to attach a copy of the contract to its pleading. *See* Am. Pet. at ¶ 7. It is unclear how LST intends to prove that a breach occurred without either providing the contract or, at a minimum, describing its terms. Notably, the Amended Petition does not describe the terms of the agreement but instead alleges in a conclusory fashion that a breach has occurred.

**LEGAL STANDARD**

Determining whether to dismiss a case for failure to join a necessary party requires a two-step inquiry.  *Hood ex rel Miss v. Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).  First, the court must determine whether Rule 19(a) renders the absent party necessary.  Rule 19(a) requires joinder of a party subject to service of process whose joinder will not deprive the court of subject matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may; (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

Second, if a person who qualifies under Rule 19(a) cannot be made a party because joinder would not be feasible, the court must determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  FED. R. CIV. P. 19(b).  In this determination, the court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

*Id.*  Analysis of these factors under Rule 19 should be practical and fact-based.  *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).  The Fifth Circuit has held that the point of Rule 19 is to "bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit may be fairly and completely disposed of."  *Id.* at 1308.   The party

asserting a Rule 12(b)(7) motion to dismiss has the initial burden of establishing the necessity of the missing party.  *See Hood* 570 F.3d at 628.  However, when "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer–Polster*, 784 F.2d at 1309.

### DISCUSSION

**A.     LST's customers are necessary parties under Rule 19(a).**

A necessary party is one that has an interest in the litigation and whose absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  FED. R. CIV. P. 19(a)(1)(B)(ii).  It is well settled that a "[d]efendant has the right to be safe from needless multiple litigation and incurring avoidable inconsistent obligations." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970).  If LST prevails in this case, and the bank distributes the customer's funds to LST, there is nothing to prevent the customers from bringing their own action against Defendants to recover their deposits.    This threat is more than speculative because, according to Defendants, LST's customers were not only unaware of Plaintiff's indemnification claims, but also had not consented to any transfer of their funds.  *See* Declaration of Lisa Herring, Doc. No. 8, Ex. 1.   Thus, a judgment in this case risks subjecting Defendants to conflicting claims from LST and its customers for the same funds.  This risk of multiple judgments against Defendants makes the customers indispensable parties. *See Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1279 (D.C. Cir. 1983)(finding that when a party sued a bank to recover funds whose ownership was contested between the plaintiff and a non-party, joinder of the non-party was required).

Furthermore, proceeding in this case without the customers could practically impair their ability to protect their interest in the money.  *See* Fed. R. Civ. P. 19(a)(1)(B)(i) (providing that a

necessary party is one whose absence could impair its ability to protect its interests).  LST's entitlement to the money as against Defendants depends entirely on interpreting LST's contracts with the non-party customers.  In a suit seeking to interpret a disputed contract, a party to the contract is an indispensable party if that party's rights are going to be impacted by the outcome of the suit.  *Altava Health Mktg., Ltd. v.  Shortgrass, Inc.*, 2005 WL 2277598, at *9 (S.D. Tex. Sept. 15, 2005) ("Federal courts consistently hold that a party to an agreement in dispute is an indispensable party … in a suit seeking to rescind, annul, or interpret that agreement")(internal citations omitted).  LST claims that Defendants are liable for refusing to release funds to LST "per LST's contract with their [sic] customers on the grounds of indemnification."  Am. Pet. at ¶ 14.  LST's breach of contract theory against Defendants is therefore intertwined with its contract claims against the non-party customers.  Stated differently, whether the bank is liable in this action necessarily requires an analysis of whether LST has a superior claim of ownership to the funds than its customers.  This in turn requires interpreting the contracts between LST and its non-party customers.

"If a judgment would preclude an absent party from enforcing [its] rights or injuriously affect them, that party is indispensable."  *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).  A judgment in LST's favor would potentially deprive the non-party customers of access to their money.  Mere speculation that the customers could later recover their funds  in a separate lawsuit against LST is immaterial to the Rule 19 analysis because "[u]nless a party is actively or constructively before it, a court cannot adjudicate upon an absent party's rights.  *J.P Morgan Chase Bank, N.A. v. Sharon Peters Real Estate, Inc.*, 2013 WL 3754621 (W.D. Tex. July 15, 2013) (quoting *Calcote v. Texas Pac. Coal & Oil Co.*, 157 F.2d 216, 220 (5th Cir. 1946)).

**B. Joinder of the 54 Customers is Not Feasible**

Joinder of the 54 non-party customers into this case is not feasible.  First, Defendants raise the possibility that such a joinder would destroy complete diversity of the parties, thereby depriving this court of its only basis for subject matter jurisdiction in this case.   Doc. No. 8.  LST is a citizen of Delaware and Texas.  Doc. No. 1.  It is highly likely that at least one of the non-party customers is a citizen of one of these two states.   Moreover, it is well settled that joinder is not feasible if joining the necessary parties would destroy subject matter jurisdiction. *See Schutten*, 421 F.2d at 871 (granting a motion to dismiss on the grounds that an indispensable party would destroy diversity jurisdiction); *J.P Morgan,* 2013 WL 3754621 at *7 (same).

Defendants concede that they do not have complete information regarding the citizenship of these 54 customers.  Doc. No. 8. However, inasmuch as Defendants have made an initial showing that it is "likely" that complete diversity is lacking, "the burden of disputing this initial appraisal falls on [the non-movant]." *Pulitzer–Polster*, 784 F.2d at 1309.  LST has had ample opportunity to establish that joinder is feasible by showing complete diversity would exist if the 54 customers were joined.  Instead, it has failed to respond to this motion.[2]   The Rule 19 analysis is grounded in practicality.   *Id.*  It makes little sense for this Court to order the 54 customers joined to this action only to subsequently dismiss the case for lack of subject matter jurisdiction.

In addition and in the alternative, the contracts between LST and its customers contain mandatory arbitration provisions. *See* Declaration of Clifton Brinson, Doc. No. 8, Ex. C-1.  If the customers were joined in this action, either they or LST could bi-furcate this action by compelling arbitration of the claims as between those parties.  This potentially makes joinder of

---

[2] In addition, Plaintiff has not shown that all 54 customers would be subject to personal jurisdiction in this Court. *See Timberlake v. Synthes Spine, Inc.,* 2011 WL 2607044 (S.D. Tex. June 30, 2011) (finding that a lack of personal jurisdiction over necessary party made joinder infeasible)

the customers unfeasible.  *See Corsi v. Eagle Publ'g, Inc.*, 2008 WL 239581, at *1 (D.D.C. Jan. 30, 2008) (dismissing claims because an arbitration provision made joinder of a necessary party infeasible).[3]   In light of these factors, the Court finds that joinder of the 54 non-party customers would not be feasible in this action.

### C.   This action should not proceed without LST's customers under Rule 19(b).

Since LST's customers are necessary parties whose joinder is not feasible, the Court turns to the Rule 19(b) analysis to determine whether the case should continue absent the 54 customers or be dismissed.  The first factor this Court must consider is "the extent to which a judgment rendered in the [non-party's] absence might prejudice that person or existing parties." FED. R. CIV. P. 19(b)(1).  LST's customers could be prejudiced if this case continues because a judgment in LST's favor would necessarily entail a finding that they are liable to LST for contractual indemnification.[4] This is, after all, how LST claims to be entitled to the money as against Defendants in this action. In addition, proceeding without the customers would strip them of their practical ability to assert defenses and/or counterclaims with respect to LST's contract claims against them.

Defendants assert that the non-party customers have expressed concerns about LST's possession of the funds and whether LST would turn the money over if it was later determined that the customers were the rightful owners.  Doc. No. 8, Ex. 2.  LST has not offered assurances to the contrary.  In addition, proceeding without the customers also risks prejudicing Defendants by potentially exposing them to inconsistent judgments.  *See Eikel v. States Marine Lines, Inc.*,

---

[3] Defendants do, however, appear aware that one of the 54 customers is a federally-recognized Indian tribe who would be immune from suit.  *See* Doc. No. 8, Ex. 2; *see also Michigan v. Bay Mills Indian Cmty.*, 134 S.Ct. 2024, 2030 (2014)(discussing tribal sovereign immunity)

[4] Although claim preclusion would not apply to the non-party customers, re-litigation of specific contractual obligations could be barred by issue preclusion. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979) (describing circumstances under which offensive non-mutual issue preclusion is acceptable); *see also RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (outlining elements of issue preclusion).

473 F.2d 959, 960 (5th Cir. 1973) (discussing how potential for inconsistent judgments exposes a defendant to prejudice under Rule 19).  As noted herein, if LST prevailed in this action, the Defendants could potentially be subject to inconsistent judgments to the extent that they would remain liable to the customers for the money that is currently frozen at Defendants' bank.

The second determinative factor in deciding whether a case should proceed or be dismissed is whether "any prejudice could be lessened or avoided." FED. R. CIV. P. 19(b)(2). The live pleading offers no practical assurances that LST would turn the money over to the non-party customers if LST wins a judgment in this court.  Moreover, by failing to respond to this motion, LST has not provided any alternative methods of shaping a judgment in this action that would protect the rights of its non-party customers.

The third factor for the court to consider in deciding the motion to dismiss is "whether a judgment rendered in the person's absence would be adequate." FED. R. CIV. P. 19(b)(3). Adequacy refers to the "public stake in settling disputes by wholes, whenever possible." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968).  In this case, a judgment would not settle the dispute in whole if the customers are not present to participate in the litigation.  Rendering a final judgment in such circumstances merely invites further litigation. Proceeding without the customers would therefore be contrary to Rule 19's focus on settling disputes in whole.

The last factor the Court must consider is "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." FED. R. CIV. P. 19(b)(4).   LST would be able to pursue its contractual indemnification claims against the customers in arbitration as provided for by the contracts LST has with these individual customers.  If LST established that it is entitled to its customer's money, then surely a court of competent jurisdiction would enforce

LST's contract with Defendants.  What a court cannot do is resolve the initial contractual dispute between LST and its customers when those customers are not present in the case and are therefore unable to defend themselves.

## CONCLUSION

In light of the foregoing analysis, Defendants' motion to dismiss is GRANTED. Doc. No. 8.  This case is DISMISSED WITHOUT PREJUDICE.


SIGNED this 24th day of July, 2014.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE